# In re Opening Beech and Page Streets.
## Reymer's Appeal.

1. A judgment was entered in the Court of Common Pleas upon the verdict of a jury in an issue certified from the Quarter Sessions to determine the question of damages done to a property owner by the opening of a street under an ordinance of councils of the City of Allegheny. *Held*, that such judgment was not conclusive, and the Quarter Sessions could quash the whole proceedings in regard to the opening of said street.

2. An ordinance of said city providing for the extension of two streets, so as to make one continuous street, with an offset at their place of meeting, is invalid.

3. Under the provisions of the act of April 1st 1870, and its supplement of May 12th 1871, in case of an appeal from the action of councils in opening streets, the Court of Quarter Sessions may quash the whole proceedings.

October 17th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Certiorari to the Court of Quarter Sessions of *Allegheny county*: Of October and November Term 1879, No. 284.

Appeal of Philip Reymer from the order of the court in the matter of opening Beech and Page streets, in the city of Allegheny.

On the 28th of June 1876, the councils of the city of Allegheny adopted an ordinance as follows: "An Ordinance authorizing the Opening of a Street from Allegheny Avenue to Fulton Street, of a width of fifty [50] feet."

[In re Beech and Page Streets.]

Sect. 1. Be it ordained and enacted by the select and common councils of the city of Allegheny, and it is hereby enacted by authority of the same, that a street be and is hereby opened of a width of fifty [50] feet from Allegheny avenue to Fulton street, as per accompanying plan; said street from Allegheny avenue to Bidwell street to be called Beech street, and from Bidwell street to Fulton street to be called Page street, and that Robert H. Knox, John B. Ingham and Jonathan Gallagher, freeholders, be, and they are hereby appointed viewers to view the premises, appraise the damages and make assessments of benefits, as provided by Act of Assembly approved the 1st day of April 1870, entitled "An Act relative to Streets in the City of Allegheny."

Prior to this time, Page street was opened from Fulton street westwardly, and Beech street from Allegheny avenue eastwardly. The accompanying plan showed the new street extended on a line with Page street, and at Allegheny avenue the line was not exactly with Beech street, but showed an off-set.

The viewers assessed the damages at about $30,000, and assessed benefits to a like amount on the contiguous property. They awarded to Reymer $14,500 as the damages suffered by him. Reymer appealed to the Quarter Sessions, and upon his demand an issue was certified to the Common Pleas, so that the amount of damages might be determined by a jury. The jury in said court assessed Reymer's damages at $18,980, and a motion for a new trial having been overruled, judgment was entered against the city for that amount, and the record was certified back to the Quarter Sessions. On March 23d 1878, upon the petition of Reymer, viewers were appointed by the Quarter Sessions "to appraise and assess the damages caused by the opening of Beech and Page streets, so far as the same have not been ascertained by jury, on the issue formed and tried in the Court of Common Pleas, and to assess the amounts so ascertained and found by jury as aforesaid, upon property benefited, and make a report to this court in accordance with law."

The report of these viewers fixed the entire damages by the opening of the street at $32,179, including for P. Reymer $18,980, and assessed benefits to the amount of $27,438.50, and reported that they had not found property benefited to the extent of the damages, there being a deficit of $4740.50.

When Reymer appealed to the Quarter Sessions, a number of property holders against whom benefits had been assessed also appealed from the action of councils to the Quarter Sessions, and when the report of viewers was returned to that court, as set forth above, these property owners moved the court to quash the proceedings, for the following among other reasons: 1. The ordinance purports to authorize the opening of a single street from Allegheny avenue to Fulton street; while as a matter of fact it provides for

[In re Beech and Page Streets.]

the extension of Beech street from Allegheny avenue to Bidwell street, thus providing by a single ordinance and one board of viewers, for the extension of two entirely distinct streets located many hundred feet distant from each other.  2.  The assessments of benefits and appraisements of damages upon the proposed extension of these two distinct streets has been made without distinction as to how much is for the one street and how much is for the other.  3.  The costs and damages necessarily attending the proposed improvements greatly exceed the benefits which are likely to result therefrom; thus making the improvements impossible without imposing illegal assessments upon property not benefited nor likely to be benefited thereby.

The Court of Quarter Sessions entered a decree that "the whole of the proceedings in this case are quashed and set aside." From this decree Reymer took this appeal.

*Slagle & Wiley*, for appellant.—The powers of the city of Allegheny in opening streets are found in the Act of April 1st 1870, Pamph. L. 751.  The law does not authorize the Quarter Sessions to review the question of damages, as fixed by the jury to which it had been referred, or set aside the verdict which the Common Pleas had refused to disturb; nor can it indirectly accomplish the same purpose by quashing the proceedings in which the verdict was obtained.  After an award has been made and confirmed, there is no authority to discontinue the proceedings: Beekman Street, New York, 20 Johns. 269; Dover Street, New York, 18 Id. 506; Hawkins *v.* Rochester, 1 Wend. 53; New York *v.* Mapes et al., 6 Johns. Ch. 46; People *v.* Westchester, 4 Barb. 64; People *v.* Syracuse, 20 How. Pr. 491; Higgins *v.* Chicago, 18 Ill. 280; Water Commissioners, Jersey City, 31 N. J. 72; State *v.* Keokuk, 9 Iowa 438.

The damages found and confirmed, determine the right of the landowner thereto just as completely as any other judgment: Neal *v.* P. & C. Railroad Co., 7 Casey 19; Darlington *v.* United States, 1 Norris 382; Philadelphia *v.* Miskey, 18 P. F. Smith 49; Williams *v.* Pittsburgh, 30 Id. 71.

The verdict and judgment in the Common Pleas were of binding force, and the Quarter Sessions had no right to disregard or nullify them by quashing the proceedings.  Said court had no control over the judgment other than to provide for its payment by appointing viewers to assess benefits on other property.  Under the order of court quashing the proceedings, the ordinance locating the street remains unrepealed, and proceedings to open may be commenced again at any time the councils see proper.  The appellant, instead of being an owner in fee-simple of the premises, is a tenant at will of the city.  He is deprived of the power to sell, for the reason that he cannot convey the property, but only a claim for damages.

[In re Beech and Page Streets.]

He cannot improve, for the reason that under the decision in the matter of the District of Pittsburgh, 2 W. & S. 320, and Forbes Street, 20 P. F. Smith 125, he would not be entitled to damages for improvements put upon the property after the street was located.

*W. B. Rodgers*, City Solicitor, for City of Allegheny.—The court quashed these proceedings under the authority conferred by the Act of April 1st 1870 and its supplement of May 12th 1871. The city does not become the owner until payment be made, and therein this case differs from that of Philadelphia *v.* Miskey, 18 P. F. Smith 49, and also from cases where property is taken for railroad purposes.   Under this and similar acts, a proceeding to condemn real estate for public purposes may be abandoned at any time after the damages are assessed and before final confirmation : Chicago *v.* Barbian, 80 Ill. 482 ; Graff *v.* The Mayor, &c., 10 Md. 551 ; State *v.* Graves, 19 Id. 370 ; Matter of Military Parade Ground, 60 N. Y. 319 ; Merrick *v.* Baltimore, 43 Md. 219 ; Farmer *v.* Hooskett, 8 Foster (N. H.) 244 ; Bloomington *v.* Miller, 84 Ill. 621 ; Mabon *v.* Halstead, 39 N. J. Law 640 ; Dillon on Mun. Corp., sect. 473 ; Mill on Eminent Domain, sect. 311.

The proceeding merely fixes the amount to be paid before the property can be taken ; Bloomington *v.* Miller, 84 Ill. 621 ; Mabon *v.* Halstead, *supra.*

The owners of the land have no vested interest in the verdict of a jury : Baltimore Railroad Co. *v.* Nesbit, 10 How. 395 ; Easley *v.* Elliott, 43 Mo. 288 ; Merrick *v.* Baltimore, 43 Md. 219.

Then, if no rights vested in Reymer, his argument that the court could not quash the proceedings loses its force.   The court has power to take such action in the premises as they may think right and proper, and may quash the proceedings at any stage ; and this discretion in the court cannot be reviewed on a certiorari : Fritz's Appeal, 3 Harris 397.   The appellant remains in possession of his property and is not injured.

*D. F. Patterson*, for the property owners who had been assessed with benefits, argued : By reference to the Act 1st April 1870, "relative to streets in the city of Allegheny," and the supplement thereto, approved May 12th 1871, it will clearly appear that after an ordinance has been enacted fixing the location of a street, and viewers have made report to councils of "all their action in the performance of their duties as viewers," the councils are expressly empowered to do either one of two things, viz.: 1. To send back the report of viewers for further action ; or 2. To quash the proceedings.   It will appear with equal clearness that in case of appeal to the Quarter Sessions, "all the papers and proceedings in the

[In re Beech and Page Streets.]

case" are removed into that court, and all power over the proceedings which belonged to councils before appeal is transferred to court by means of the appeal, and further power is conferred upon the court, viz.: 1. To take such action in the premises as they may think right and proper (which includes the hearing of testimony through a commissioner or otherwise); and 2. To appoint new viewers, with power, when they have reported, to modify, correct and approve their report, or to quash the proceedings.

A clear distinction is preserved throughout the acts between the report of viewers, which may be approved, modified, &c., and the proceedings, which may be quashed—the latter manifestly meaning all proceedings from first to last.

The ascertainment of any particular person's damage by means of an issue to the Common Pleas, is merely an incident to the general proceeding, just as an issue from the Orphans' Court or a court of chancery is an incident to the proceeding in which the disputed fact arose. The judgment of the court to which the issue is sent for trial is not a judgment for execution by that court, but is rather the final sentence of that court upon the matter confided to it to determine, viz.: the damage to the property proposed to be taken. When the amount of damage has been finally ascertained, the matter goes back to the court having jurisdiction of the proceeding out of which the collateral issue arose; but it does not go back, as suggested by appellant's counsel, with a mandate " to provide for payment of the damages awarded;" on the contrary, it goes back simply as an ascertained fact, to be used by the court having jurisdiction of the proceeding, in such manner as it may think " right and proper," in the course of its further proceedings.

This proceeding was not to open a new street, but to extend two old streets, one in an easterly and another in a westerly direction, so as to meet, and causing an offset at the place of meeting, and an appraisement of damages, without distinction as to the two streets, was without authority of law.

*I. N. Patterson*, for certain property-owners, who were assessed with benefits by the viewers appointed by the court, but not by those appointed by councils, contended that assessments, without notice to the party · assessed, was such an irregularity as would justify the court to set aside the report of viewers and quash the whole proceedings.

The judgment of the Supreme Court was entered October 27th 1879,

PER CURIAM.—The trial by jury to ascertain the damages, and the verdict in favor of Philip Reymer, were not conclusive as to prevent the court from quashing the whole proceedings, under the act

[In re Beech and Page Streets.]

of 1871. The court had ample ground for the order they made in the clear invalidity of the ordinance, which provided for the opening of two streets—not one street with two different names, but with an offset at Allegheny avenue, making two distinct streets. We think then that the Court of Quarter Sessions had the power to quash the whole proceedings, and upon the record as presented were entirely right in doing so.

Order affirmed.